

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANTIAGO CASSO, | ) | |
| Plaintiff(s), | ) | No. C 06-1211 CRB (PR) |
| vs. | ) | ORDER |
| K. PLACERES, | ) | (Doc # 3) |
| Defendant(s). | ) | |

      Plaintiff Santiago Casso, an inmate at the Alameda County Jail, Santa Rita Facility, filed a pro se civil action for damages in the Superior Court of the State of California in and for the County of Alameda alleging that parole officer K. Placeres was deliberately indifferent to his needs as a "disabled verified prisoner/parolee" who is "mobility impaired."  Among other things, plaintiff alleges that, following his parole, Placeres placed him in an upper-floor facility he was unable to access without the assistance of others and that he was robbed while waiting for someone to assist him up to his second-floor residence.

      On February 17, 2006, Placeres removed the action to this court pursuant to 28 U.S.C. § 1441(b).  It was designated as a prisoner civil rights action and assigned to the undersigned.

1    Section 1915A of Title 18 requires federal courts to screen cases in which
2    prisoners seek redress from a governmental entity or officer or employee of a
3    governmental entity by identifying cognizable claims or dismissing the
4    complaint, or any portion of the complaint, if the complaint "is frivolous,
5    malicious, or fails to state a claim upon which relief may be granted," or "seeks
6    monetary relief from a defendant who is immune from such relief."  28 U.S.C. §
7    1915A(b).  Liberally construed, Casso's complaint appears to state cognizable
8    claims for relief under 42 U.S.C. § 1983 against Placeres ("defendant") and
9    should proceed.
10   In order to expedite the resolution of this case, the court orders as follows:
11       a.    No later than 90 days from the date of this order, defendant shall
12   file a motion for summary judgment or other dispositive motion.  A motion for
13   summary judgment shall be supported by adequate factual documentation and
14   shall conform in all respects to Federal Rule of Civil Procedure 56, and shall
15   include as exhibits all records and incident reports stemming from the events at
16   issue.  If defendant is of the opinion that this case cannot be resolved by summary
17   judgment or other dispositive motion, he shall so inform the court prior to the
18   date his motion is due.  All papers filed with the court shall be served promptly
19   on plaintiff.
20       b.    Plaintiff's opposition to the dispositive motion shall be filed with
21   the court and served upon defendant no later than 30 days after defendant serves
22   plaintiff with the motion.
23       c.    Plaintiff is advised that a motion for summary judgment under Rule
24   56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule
25   56 tells you what you must do in order to oppose a motion for summary
26   judgment.  Generally, summary judgment must be granted when there is no
27
28                                         2

1  genuine issue of material fact--that is, if there is no real dispute about any fact
2  that would affect the result of your case, the party who asked for summary
3  judgment is entitled to judgment as a matter of law, which will end your case.
4  When a party you are suing makes a motion for summary judgment that is
5  properly supported by declarations (or other sworn testimony), you cannot simply
6  rely on what your complaint says.  Instead, you must set out specific facts in
7  declarations, depositions, answers to interrogatories, or authenticated documents,
8  as provided in Rule 56(e), that contradicts the facts shown in the defendant's
9  declarations and documents and show that there is a genuine issue of material
10 fact for trial.  If you do not submit your own evidence in opposition, summary
11 judgment, if appropriate, may be entered against you.  If summary judgment is
12 granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,
13 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

14       Plaintiff is also advised that a motion to dismiss for failure to exhaust
15 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your
16 case, albeit without prejudice.  You must "develop a record" and present it in
17 your opposition in order to dispute any "factual record" presented by the
18 defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120
19 n.14 (9th Cir. 2003).

20       d.    If defendant wishes to file a reply brief, he shall do so no later than
21 15 days after plaintiff serves him with the opposition.

22       e.    The motion shall be deemed submitted as of the date the reply brief
23 is due.  No hearing will be held on the motion unless the court so orders at a later
24 date.

25       Discovery may be taken in accordance with the Federal Rules of Civil
26 Procedure.  No further court order is required before conducting discovery.

27

28                     3

| | |
|---|---|
| 1 | All communications by plaintiff with the court must be served on |
| 2 | defendant by mailing a true copy of the document to defendant's counsel. |
| 3 | It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the |
| 4 | court and all parties informed of any change of address and must comply with the |
| 5 | court's orders in a timely fashion.  Failure to do so may result in the dismissal of |
| 6 | this action under Federal Rule of Civil Procedure 41(b). |
| 7 | Defendant's motion (doc # 3) for an extension of time to file a responsive |
| 8 | pleading or dispositive motion is denied as moot. |
| 9 | SO ORDERED. |
| 10 | DATED:  Feb. 28, 2006 |
| 11 | CHARLES R. BREYER<br>United States District Judge |

4